ALICE COLLINS *et al.*, Respondents, *v.* JOHN BANNISTER, Appellant.

1. *Leasehold estate — Possession of,* prima facie *evidence of ownership.*—Possession of a leasehold estate after the death of the lessor, by his heirs, is *prima facie* evidence of their ownership of the same.

### *Appeal from St. Louis Circuit Court.*

Plaintiffs' petition contained two counts, one for ejectment and the other for trespass. Plaintiffs' evidence disclosed the following facts. Sweringen and others, in 1859, leased the lot claimed by plaintiffs to one Lloyd J. Cooper for a period of ten years, expiring in October, 1869. In 1861, Cooper sold to Dennis Collins and continued to live in it as the tenant of Collins. Dennis Collins died before the expiration of the lease, about the year 1865, leaving a widow, Alice Collins, and four sons, who are made parties to this suit. Cooper testified that he lived in the house till after Dennis Collins' death, and then he turned over the possession to the widow, Alice Collins. The plaintiffs' evidence further showed that defendant, John Bannister, had built a house on the lot next the one claimed by plaintiffs under said lease, and that from three to nine inches of his cellar was built on plaintiffs' lot; that some earth was removed from said lot, and that the building was injured by sinking caused by the removal of the earth.

For facts in the case see also opinion of the court.

*Pattison*, for appellant.

I.  The lease for ten years was a chattel interest, and therefore went to the executor or administrator, Dennis Collins. (Gutzweiler's Adm'r v. Lackman, 23 Mo. 168; Leakey v. Maupin, 10 Mo. 368; see also Dawes v. Boylston, 9 Mass. 337, 350; Tharp v. Stallwood, 5 Man. & Gr. 760; Clapp v. Stoughton, 10 Pick. 463; 1 Wms. Ex'rs, 546, and cases cited; Jewett v. Smith, 12 Mass. 309; Foster v. Bates, 12 Mees. & W. 226; 1 Wms. Ex'rs, 528, and cases cited.)   Hence suit for an injury to the leasehold must be brought by Collins' administrator. (See Smith v. Denny, 37 Mo. 20.)

II.  Nor does the length of time that has elapsed since the death of Collins affect the question; and it will not do to say that the plaintiffs may be holding as distributees.  If distribution has taken place, this is a link in the chain of evidence necessary to make out their title, and they must show it.

III.  There were two counts, one in ejectment and one in trespass, yet there was a general finding. (Mooney v. Kennett, 19 Mo. 551.)

*Peacock & Cornwell*, for respondents.

I.  The objection now urged for the first time, that there is one judgment on two counts, certainly is made here too late. (Thames v. Erskine, 7 Mo. 213; Finney *et al.* v. The State, 9 Mo. 624; Boyse v. Crickard, 31 Mo. 530.)

II.  The time that intervened between the death of Dennis and the institution of the suit — to-wit: seven years — raised the presumption that the estate had been administered on and administration was closed, the court presuming that the law has been complied with in the absence of proof to the contrary.

III.  Plaintiffs being in possession under the lease, they, as in all cases of possession of personalty, must be presumed to be the owners.

IV.  The possession in 1868–9, in the absence of proof to the contrary, will raise the presumption that they were the distributees of the estate for the interest of which they had the possession.

CURRIER, Judge, delivered the opinion of the court.

It is objected that the plaintiffs do not show themselves to be the owners of the subject of the suit, to-wit: a leasehold formerly held by one Dennis Collins, who is shown to have died in 1862. Alice Collins, one of the plaintiffs, is his widow; the other plaintiffs are his surviving children. The point is made that the leasehold was a mere personal chattel, and that it consequently passed to the administrator, and not to the heirs, upon Collins' death. It is urged that a suit for the possession of the property, or for an injury to it, should have been brought by the administrator, and not by the present plaintiffs.

Dennis Collins died some seven years prior to the institution of the suit. In the absence of evidence to the contrary, it might not be unreasonable to infer from this lapse of time a settlement and distribution of the decedent's estate. However that may be, it is certain that the possession of a personal chattel is *prima facie* evidence of ownership. (1 Greenl. Ev., 12th ed., § 34.) The plaintiffs here, according to an averment in the petition, were in actual possession of the property at the time the trespass complained of was committed; and that averment is not controverted by the answer. The fact of possession is therefore admitted by the pleadings, and the possession was evidence of ownership. The defendant's instruction, founded upon the idea that there was no evidence of title, was consequently properly refused.

But there were two counts in the petition, one in trespass and one in ejectment. The lease, however, expired pending the suit, and there was no judgment for possession. The count in ejectment seems to have been overlooked or disregarded in the final disposition of the case. The trial was by the court, and the assessment of damages ($50) was general, without an apportionment of them to the respective counts. No objection to this was taken in the court below. The judgment was for the right party, was reasonable in amount, and will be affirmed. The other judges concur.